UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIGHTGUIDE DEVELOPMENT, LLC, | )<br>) |
| Plaintiff, | )<br>) |
| -against- | ) **COMPLAINT**<br>) |
| PALLAS ATHENE LTD., | ) Jury Trial Demanded<br>) |
| Defendant. | )<br>) |

CV 14-5874

CHEN, J.

Plaintiff Nightguide Development, LLC ("Plaintiff" or "Nightguide"), by their undersigned attorneys, for its Complaint against defendant Pallas Athene Ltd. also doing business as Pallas Athene ("Defendant" or "Pallas"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff owns valuable rights in the federally registered trademark NIGHTOWL that has been and is continuing to be used in connection with a mobile app[1] available in the United States through the Apple App Store.[2] Plaintiff's app "NightOwl – Find Your Scene" provides consumers with a resource guide for bars, nightlife and other entertainment as well as social networking services. Defendant has blatantly and willfully infringed Plaintiff's rights in the NIGHTOWL mark by offering its app "Night Owl – The Global Nightlife Guide" to consumers in the United States through the Apple App Store. By its actions, Defendant is liable for trademark infringement and unfair competition in violation of the Trademark Act of 1946, as amended (the Lanham Act, 15 U.SC. §§ 1051, et seq.), unfair competition under New York common law, and violation of Section 349 of New York's General Business Law.

---

[1] A mobile app is a computer program designed to run on smart phones, tablet computers and other mobile devices.

[2] The Apple App Store is a digital distribution platform for mobile apps, developed and maintained by Apple Inc., that allows users to browse and download apps.

1

## THE PARTIES

2. Plaintiff is a limited liability company formed and existing under the laws of the State of Delaware and having its principal place of business at 138 Broadway, Unit 2G, Brooklyn, NY 11211.

3. Upon information and belief, Defendant is a private limited company formed and existing under the laws of the United Kingdom and having its principal place of business at 32 Engel Park, London, England NW7 2NS.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity of citizenship), 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1338(a) (acts of Congress relating to trademarks), 28 U.S.C. § 1338(b) (pendant unfair competition claims), and 28 U.S.C. § 1367 (supplemental jurisdiction over state claims).

5. This Court has jurisdiction over Defendant by virtue of the fact that Defendant has: (1) transacted business with the State of New York on a regular and consistent basis and (2) infringed Plaintiff's trademark within the State of New York.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTS

### Plaintiff's Trademark

7. Plaintiff is the owner of U.S. Federal Trademark Registration No. 4,597,504 for "providing on-line and mobile resource guides for bars, nightlife, and other entertainment" in Class 41 and for "on-line social networking services" in Class 45. A copy of Plaintiff's

6454-001 Doc# 34 v.0

trademark registration certificate for this mark is attached hereto as **Exhibit A** and is incorporated herein by reference.

8. Plaintiff's rights in the NIGHTOWL trademark date back to at least as early as July 18, 2011.

9. Plaintiff also owns the "NightOwl – Find Your Scene" app through which Plaintiff provides consumers with the above-noted services (the "NIGHTOWL App").

10. Consumers in the United States can directly download the NIGHTOWL App through the Apple App Store.

11. Additionally, Plaintiff owns the "nightowl.com" domain name and corresponding website through which Plaintiff markets, advertises and also offers its NIGHTOWL App for download via a link to the Apple App Store (the "NIGHTOWL Website").

12. As a result of the widespread use and display of Plaintiff's NIGHTOWL trademark in connection with its NIGHTOWL Website and NIGHTOWL App for nightlife guides and social networking: (a) consumers use the NIGHTOWL trademark to identify and refer to Plaintiff's NIGHTOWL brand; (b) the NIGHTOWL App is recognized by consumers as a high quality product emanating from a single source, namely, Plaintiff; and (c) the NIGHTOWL trademark has built up extensive goodwill.

**Defendant's Infringing Mark**

13. Defendant owns the "Night Owl – The Global Nightlife Guide" app that, according to Defendant's website, provides consumers with "a searchable guide … of nightclubs and bars…." ("Defendant's App").

14. Defendant also owns the "yournightowl.com" domain name and website through which it advertises Defendant's App ("Defendant's Website").

15. Defendant's App is available for download through the Apple App Store by consumers in the United States.

16. Defendant's use of NIGHT OWL as a trademark in connection with Defendant's App and as part of a domain name constitutes infringement of Plaintiff's trademark and is likely to cause confusion, mistake or deception as to the source of Defendant's App and Defendant's Website.

17. Because Defendant's App offers "live information about nightclubs and bars" and because Plaintiff offers the same services through its NIGHTOWL App, consumers are likely to believe that Defendant's App is provided by, sponsored by, approved by, licensed by, affiliated with or in some other way legitimately connected to Plaintiff and its NIGHTOWL trademark and/or the NIGHTOWL App and related services.

18. Plaintiff has not authorized Defendant to use the NIGHTOWL trademark in the United States.

19. Defendant actually sought to register NIGHT OWL and Design as a trademark in the U.S. Patent and Trademark Office which application, not surprisingly, was refused registration on the basis of a likelihood of confusion with Plaintiff's prior NIGHTOWL trademark. Despite this refusal and Plaintiff's prior and superior rights in the NIGHTOWL trademark, Defendant has continued its efforts to impermissibly use NIGHT OWL as a trademark in the United States.

20. Upon information and belief, Defendant has recklessly, willfully and intentionally violated Plaintiff's trademark rights with the deliberate intention of trading on the valuable goodwill and reputation established in the NIGHTOWL trademark.

21. By letter dated September 8, 2014, Plaintiff, through legal counsel, demanded that Defendant cease from making Defendant's App available in the United States. However, Defendant refused to comply.

## FIRST CLAIM FOR RELIEF
### (Infringement of Federally Registered Trademark)

22. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 21.

23. Defendant's App and Defendant's Website are confusingly similar to Plaintiff's NIGHTOWL App and NIGHTOWL Website, and create the false and misleading impression that Defendant's App and Defendant's Website are provided by, sponsored by, approved by, licensed by, affiliated with or in some other way legitimately connected to Plaintiff and its federally registered NIGHTOWL trademark, NIGHTOWL Website and/or NIGHTOWL App and related services.

24. Defendant's App and Defendant's Website have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception amongst consumers, additionally, injury to Plaintiff's goodwill and reputation as symbolized by the federally registered NIGHTOWL trademark, for which Plaintiff has no adequate remedy at law.

25. Defendant's actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with Plaintiff's federally registered NIGHTOWL trademark to Plaintiff's great and irreparable injury.

26. Defendant has caused and is likely to continue causing substantial injury to the public and Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

6454-001 Doc# 34 v.0

## SECOND CLAIM FOR RELIEF
### (Common Law Unfair Competition)

27. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 21.

28. Defendant's use of Defendant's App constitutes unfair competition, and has created and will continue to create a likelihood of confusion, all to the irreparable injury of Plaintiff unless restrained by this Court. Plaintiff has no adequate remedy at law for this injury.

29. Defendant acted with full knowledge of Plaintiff's use of, and statutory rights to, the NIGHTOWL trademark and without regard to the likelihood of confusion of the public created by Defendant's activities.

30. Such wrongful acts demonstrate an intentional, willful and malicious intent to trade on the goodwill associate with Plaintiff's NIGHTOWL trademark.

31. As a result of Defendant's acts, Plaintiff has been damaged in an amount not yet ascertainable. At a minimum, however, Plaintiff is entitled to injunctive relief, to an accounting of Defendant's profits, to damages, and to costs. Further, in light of the deliberately fraudulent and malicious use of a confusingly similar app (Defendant's App), and the need to deter Defendant from similar conduct in the future, Plaintiff additionally is entitled to punitive damages.

## THIRD CLAIM FOR RELIEF
### (Violation of G.B.L. § 349)

32. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 21.

33. Defendant has engaged in deceptive acts and/or practices directed towards consumers with respect to its efforts to pass off Defendant's App to consumers in the United States as being affiliated with Plaintiff's NIGHTOWL trademark.

34. Defendant's acts or practices are misleading in a material fashion.

35. Plaintiff has been damaged by Defendant's aforementioned acts and/or practices.

36. Defendant's conduct constitutes unfair and deception acts and/or practices in the course of a business, trade, or commerce in violation of Section 349 of New York's General Business Law.

37. Plaintiff is entitled to injunctive relief and to recover damages, punitive damages, cost and reasonable attorneys' fees.

WHEREFORE, Plaintiff prays that:

A. an injunction issue restraining Defendant, its agents, servants, employees, successors and assigns and all others in concert and privity with them from:

  i. using in any manner, including without limitation via the Apple App Store, Defendant's App in the United States;

  ii. using in any manner any designation, domain name or trademark in the United States that is confusingly similar to Plaintiff's NIGHTOWL trademark;

  iii. doing any other acts which are intended to or will be likely to deceive consumers or the trade into falsely believing that there is an affiliation or relationship between Plaintiff and Defendant or between Plaintiff and any goods or services other than Plaintiff's goods or services;

B. Defendant be required to remove Defendant's App from the United States version of the Apple App Store and from any other app store available in the United States;

C. Defendant be required to account to Plaintiff for any and all of Defendant's profits derived from the United States, including without limitation profits derived from the Apple App Store, including prejudgment interest thereon;

D. Plaintiff be awarded compensatory damages caused by Defendant's acts of trademark infringement and unfair competition, plus prejudgment interest thereon;

E. Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117, including treble damages, plus prejudgment interest thereon;

F. Plaintiff be awarded punitive damages;

G. Plaintiff be reimbursed for its costs and expenses, including attorneys' fees, pursuant to 15 U.S.C. § 1117 and G.B.L. § 349; and

H. Plaintiff obtains such other and further relief as the Court deems just and proper.

Dated: October 7, 2014
New York, NY

Jeffrey Weingart
Kevin Fritz
Susan Schlesinger
**Meister Seelig & Fein LLP**
125 Park Avenue, 7th Floor
New York, NY 10017
(212) 655-3500
*Attorneys for Plaintiff*

# EXHIBIT A

# United States of America
## United States Patent and Trademark Office

# NightOwl

**Reg. No. 4,597,504**
**Registered Sep. 2, 2014**
**Int. Cls.: 41 and 45**

**SERVICE MARK**

**PRINCIPAL REGISTER**

NIGHTGUIDE DEVELOPMENT, LLC (DELAWARE LIMITED LIABILITY COMPANY), DBA NIGHTOWL,
138 BROADWAY, UNIT 2G
BROOKLYN, NY 11211

FOR: PROVIDING ON-LINE AND MOBILE RESOURCE GUIDES FOR BARS, NIGHTLIFE AND OTHER ENTERTAINMENT, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 6-12-2014; IN COMMERCE 6-12-2014.

FOR: ON-LINE SOCIAL NETWORKING SERVICES, IN CLASS 45 (U.S. CLS. 100 AND 101).

FIRST USE 6-12-2014; IN COMMERCE 6-12-2014.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-373,756, FILED 7-18-2011.

EDWARD FENNESSY, EXAMINING ATTORNEY



**Deputy Director of the United States Patent and Trademark Office**